FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

OCT 17 2008

75 Spring Street SW, Room 2211
Atlanta, GA 30303

By: _____ Deputy Clerk

VICKI PIONTEK :
951 ALLENTOWN ROAD :
LANSDALE, PA 19446 :
                Plaintiff :
Vs. :
Financial Asset Management Systems, Inc. :   Jury Trial Demanded
2859 Paces Ferry Road :
Suite 510 :
Atlanta, GA 30339 :

1-08-cv-3271 (struck through)

1 08-MI-0372

Financial Asset Management Systems, Inc. :
1967 Lakeside Parkway :
Suite 402 :
Tucker, GA 30084 :
                Defendant :

# COMPLAINT

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and Pennsylvania's Unfair Trade and Consumer Protection Act, 73 PS 201, et. Seq., and Pennsylvania's Fair Credit Extension Uniformity Act, 73 PS 2270, et. Seq. All of the aforementioned statutes prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), 28 U.S.C. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here. Venue is also proper because a substantial portion of the conduct complained of occurred in this Federal District.

## PARTIES

3. Plaintiff is Vicki Piontek, with an address including but not limited to 951 Allentown Road, Lansdale, PA 19446.

4. Defendant is Financial Asset Management Systems, Inc. with business addresses including but not limited to the following.

> Financial Asset Management Systems, Inc.
> 2859 Paces Ferry Road
> Suite 510
> Atlanta, GA 30339
>
> Financial Asset Management Systems, Inc.
> 1967 Lakeside Parkway
> Suite 402
> Tucker, GA 30084

**COUNT ONE: Violation of Fair Debt Collection Practices Act (15 USC 1692 et. Seq.)**

5. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

6. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

7. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer debt against Plaintiff.

8. Defendant sent Plaintiff a first collection letter on or about October 7, 2008.

9. Defendant contacted Plaintiff by telephone on or about October 9th, 2008 and October 13, 2008 regarding an alleged American Express account.

10. During a conversation with Plaintiff on October 13, 2008, Defendant made a demand for an immediate payment, claiming that the full balance was "due in full" at that time.

11. In the conversation on October 13, 2008, Defendant violated the 30-day validation notice in the October 7th letter by "overshadowing" the language required by 15 U.S.C. §1692g. Defendant committed "overshadowing" by making other demands for <u>immediate</u> payment in said conversation.  By claiming that the entire balance was due in full at the time of the October 13th conversation, Defendant overshadowed the requirements of 15 U.S.C. §1692g.

## COUNT TWO: VIOLATION OF Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

12. Plaintiff is a consumer debtor as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

13. Defendant is a debt collector as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

14. Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. prohibit any unlawful attempt to collect a consumer debt.

15. The aforementioned misconduct by Defendant is also a violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because it was an unlawful attempt to collect a consumer debt. A violation of the FDCAP would also be a per se violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

## DAMAGES

16. $1.00 actual damages at least for phone, stationary and postage.

17. $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

18. Attorney fees of $250.00 at a rate of $250.00 per hour. Services include but not limited to, evidence compilation, drafting of complaint, document processing, correspondence with defendant.

19. Plaintiff's attorney fees continue to accrue as the case move forward.

20. Plaintiff(s) demand(s) punitive damages against Defendant in the amount of $10,000.00 because the acts committed by Defendant were willful, wanton and intentional.

21. Plaintiff did suffer some emotional distress as a result of Defendant's illegal collection activity. Such is worth $1,500.00.

## OTHER RELIEF

22. Plaintiff also seeks an injunction against further unlawful collection activity.

23. Plaintiff seeks declaratory relief barring Defendants from further unlawful collection activity.

24. Plaintiff seeks such other relief as this honorable Court may deem just and proper.

## JURY TRIAL

25. Plaintiff specifically requests / demands a jury trial in this matter.

Wherefore, plaintiff demands judgment against defendant in the amount of $12,751.00. (actual damages, statutory damages, attorney fees and punitive damages). Plaintiff also seeks declaratory and injunctive relief, and such other relief as this honorable Court may deem appropriate.

*Vicki Piontek*    10.14.08

Vicki Piontek      Date
Pro Se
951 Allentown Road
Lansdale, PA  19446
717-533-7472